UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAIQUAN K. FALLS,

                              Plaintiff,

            -against-

DETECTIVE MICHAEL PITT *et al.*,

                              Defendants.

16-CV-8863 (KMK)

<u>ORDER GRANTING REQUEST FOR
PRO BONO COUNSEL</u>

KENNETH M. KARAS, United States District Judge:

        Plaintiff Raiquan K. Falls ("Plaintiff") has filed this Action, pursuant to 42 U.S.C.

Section 1983, alleging violation of his civil rights by Defendants.  Before the Court is Plaintiff's

renewed application to the Court for appointment of pro bono counsel.  For reasons explained

below, the request is granted.

<u>I.  Background</u>

        Plaintiff filed his Complaint on November 15, 2016.  (Dkt. No. 2.)  Plaintiff filed a

request to proceed in forma pauperis ("IFP") on the same day, which the Court granted on

November 17, 2016.  (*See* Dkt. Nos. 1, 4.)

        Plaintiff filed his first Application for the Court to Request Counsel (the "First

Application") on April 27, 2017, (*see* Dkt. No 26), which the Court denied without prejudice on

May 2, 2017, noting that Plaintiff may renew his application at a later time if circumstances

changed materially, (*see* Dkt. No. 27).  Plaintiff filed a renewed Application for the Court to

Request Counsel (the "Second Application") on April 23, 2020.  (*See* Dkt. No. 146.)  On May 1,

2020, the Court again denied Plaintiff's Application without prejudice.  (Dkt. No. 146 (noting

again that Plaintiff could renew his request if circumstances changed).)  On March 22, 2022,

Plaintiff filed a Motion To Reconsider the Court's denial of Plaintiff's Second Application.  (Dkt. No. 257.)

## II.  Discussion

### A. Legal Standard

28 U.S.C. § 1915(e)(1) provides that the courts "may request an attorney to represent any person unable to afford counsel."  Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel.  *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant.  *Id.*; *see also Ceara v. Deacon*, No. 13-CV-6023, 2020 WL 8512861, at *1 (S.D.N.Y. Dec. 9, 2020).  Even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant.  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989); *see also Drayton v. Young*, No. 17-CV-5440, 2020 WL 9458906, at *1 (S.D.N.Y. Nov. 24, 2020).  Moreover, courts do not have funds to pay counsel in civil matters.  Courts must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel.  *See* 802 F.2d at 61-62.  Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed IFP.  The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously."

*Id.* at 60–61.  If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).  In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion.  *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Rather, each application must be decided on its own facts.  *See Hodge*, 802 F.2d at 61; *see also Norman v. Doe*, No. 17-CV-9174, 2020 WL 6808854, at *1 (S.D.N.Y. Nov. 19, 2020).

B. Analysis

Plaintiff filed a request to proceed IFP, which the Court granted. (*See* Dkt. Nos. 1, 4.) Plaintiff therefore qualifies as indigent.

In the Second Amended Complaint, Plaintiff asserts a claim under 42 U.S.C. § 1983 against seven members of the Newburgh Police Department and three members of the hospital staff at Saint Luke's Cornwall Hospital in Newburgh, New York.  (*See* Dkt. No. 111.)  Plaintiff alleges various civil rights violations stemming from his arrest and subsequent treatment while in police custody.  (*Id.*)

The Court noted in its Order dated May 1, 2020, in which it denied Plaintiff's Second Application, that "the Court can again consider appointing counsel if and when this case [] proceed[s] to trial." (Dkt. No. 147).  Because this case is now proceeding to trial, the Court will reevaluate Plaintiff's Second Application.

The Court finds that the *Hodge* factors weigh in favor of granting Plaintiff's Motion, and thereby granting Plaintiff's Second Application.  First, Court finds that Plaintiff's claims are "likely to be of substance." *Hodge*, 802 F.2d at 61-62.  This is because "they have survived Defendants' motion for summary judgment." *Williams v. N.Y.C. Dep't of Corr.*, No. 19-CV-3347, 2022 WL 1125285, at *2 (S.D.N.Y. Apr. 14, 2022) (quoting *Hodge*, 802 F.2d at 61.)

The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's Second Application.  "Counsel's assistance will help Plaintiff select a jury, cross-examine witnesses, and otherwise effectively prosecute his case, and will 'lead to a quicker and more just result by sharpening the issues and shaping examination.'" *Williams*, 2022 WL 1125285, at *2 (quoting *Hodge*, 802 F.2d at 61)).  Specifically, with regard to cross examination, "there will likely be conflicting evidence presented at the forthcoming jury trial that will implicate the need for cross-examination, such as evidence involving Plaintiff's medical records and medical experts, which ultimately would be essential for proving liability and relevant to support Plaintiff's damages claim." *Joseph v. Elberth*, No. 18-CV-7197, 2022 WL 901661, at *2 (S.D.N.Y. Mar. 25, 2022) (finding that "because the case is proceeding to a jury trial, representation" by pro bono counsel "would lead to a quicker and more just result by sharpening the issues and shaping examination." (quotation marks and citation omitted)).

"Therefore, the appointment of counsel in the context of the specific circumstances of this case at this juncture is appropriate and such appointment will facilitate Plaintiff's ability to deal with the complexities of potential motions as well as trial." *Hall v. Potter*, No. 06-CV-5003, 2013 WL 12347144, at *2 (E.D.N.Y. Nov. 4, 2013) (granting the pro se plaintiff's application for appointment of pro bono counsel after the court previously "denied several prior applications for appointment of counsel").

The Court will therefore request that counsel appear to represent Plaintiff at his upcoming trial, which is likely to take place sometime in late July 2022.  (*See* Dkt. (minute entry for Feb. 17, 2022).)  Defendants filed their portion of a proposed joint pretrial order on November 3, 2021, (Dkt. No. 238), as along with their proposed voir dire, (Dkt. No. 233), proposed requests to charge, (Dkt. No. 235), proposed jury instructions, (Dkt. No. 236), and motions in limine, (Dkt. No. 237).  Plaintiff filed a response in opposition to Defendant's portion of the proposed joint pretrial order on December 7, 2021.  (Dkt. No. 248.)  The Parties are to submit any additional motions in limine by May 15, 2022.  (*See* Dkt. (minute entry for Feb. 17, 2022).)  Any opposition to motions in limine are due by June 15, 2022.  (*See id.*)

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in litigating Plaintiff's case.  The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. See http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

Pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this Order.  Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Plaintiff will end upon completion of the trial, but, of course, counsel would be free to represent Plaintiff on appeal.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

### III.  Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration is granted, and the Court therefore also grants Plaintiff's Second Application.  The Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff at his upcoming trial described above. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers.  Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff.  If an attorney volunteers, the attorney will contact Plaintiff directly.  There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case without an attorney.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 6, 2022
         White Plains, New York

_____
            KENNETH M. KARAS
          United States District Judge

6